# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BIG BANG ECIGS LLC, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| MIKE SARIEDDINE, ) | JURY TRIAL DEMANDED |
| ) | |
|     Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Big Bang eCigs LLC (hereinafter "Big Bang") hereby brings this Complaint for Declaratory Judgment against the Defendant Mike Sarieddine.

## NATURE OF THE ACTION

1.

This is an action for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., for the purpose of determining whether Plaintiff has infringed Defendant's trademarks, which is a question of actual controversy between the parties as more fully set forth below.

1

## THE PARTIES

2.

Plaintiff Big Bang is a Georgia limited liability company having its principal place of business in Roswell, Georgia.

3.

Mike Sarieddine is an individual doing business residing at 22706 Ventura Boulevard, Suite 373, Woodland Hills, California, 91364.

## JURISDICTION AND VENUE

4.

At all times relevant to this action, Defendants regularly and continuously transacted business in the State of Georgia, and have sufficient contacts in the Northern District of Georgia to be subjected to personal jurisdiction in this district.

5.

An actual and justiciable controversy exists between Plaintiff and Defendant. As set forth in the letter attached and incorporated hereto as Exhibit A, Defendant has threatened Big Bang with litigation in relation to allegations that Big Bang infringed Defendants' trademarks. Accordingly, this declaratory action is proper in this Court under 28 U.S.C. § 2201.

6.

This Court has subject matter jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 11218.

7.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND FACTS

8.

Since October 2012, Big Bang has sold electronic vapor cigarettes ("e-cigarettes") and e-cigarette liquid online. Today, Big Bang has four retail locations in the Atlanta area where it sells a variety of e-cigarettes and related accessories. Big Bang also sells wholesale to online retailers and via its distributor to other retail stores.

9.

At least as early as December 2012, Big Bang began selling an e-cigarette liquid under the mark "ALIEN PISS." An invoice from December 2012 is attached hereto as Exhibit B.

10.

Big Bang estimates that ALIEN PISS has been sold at more than 1,000 retail stores throughout the U.S., and additional stores internationally.

11.

Big Bang later expanded its "ALIEN" branding as a family of marks to include e-cigarette liquids marketed under "ALIEN KISS."

12.

According to his trademark application filed with the United States Patent and Trademark Office ("USPTO"), Mr. Sarieddine began selling e-liquids under the mark "ALIEN VAPE" at least as early as April 15, 2013. According to another USPTO trademark application, Mr. Sarieddine began selling e-cigarette vaporizers under the mark "ALIEN VAPE. VAPE JUST GOT REAL!" at least as early as April 30, 2013.

13.

These trademark applications matured into U.S. Registration No. 4997336 on July 12, 2016, and U.S. Registration No. 4517249 on April 22, 2014, respectively. The registrations are attached hereto as Exhibit C.

12.

On December 28, 2015, Big Bang filed for trademark protection in the ALIEN PISS trademark. Mr. Sarieddine filed three extension of time to oppose the application, but ultimately did not file an opposition by the latest deadline of January 8, 2017.

13.

On August 8, 2016, Big Bang filed for trademark protection in the ALIEN KISS trademark. It was published for opposition on January 3, 2017. Mr. Sarieddine has not opposed the registration for ALIEN KISS as of the date of this Complaint.

14.

On January 20, 2017, Mr. Sarieddine, through counsel, demanded that Big Bang cease sales of products under the ALIEN PISS and ALIEN KISS trademarks. Mr. Sarieddine cited his U.S. Trademark Registration Nos. 4997336 and 4517249 for the marks "ALIEN VAPE" and "ALIEN VAPE. VAPE JUST GOT REAL!" for use in connection with vaping-related products. Mr. Sarieddine states that "[i]f Big Bang is not agreeable and fails to comply with our demand to cease-and-desist all use of "Alien," Mr. Sarieddine will immediately file a complaint . . .for trademark infringement and unfair competition."

15.

Mr. Sarieddine has not provided any evidence of sales of products marketed as "ALIEN VAPE" that predate Big Bang's December 2012 use of the "ALIEN PISS" mark.

16.

Big Bang believes that Mr. Sarieddine's allegations of trademark infringement are meritless because Big Bang has priority over use of the term "ALIEN" in connection with e-cigarette products.

## COUNT ONE

## DECLARATORY JUDGMENT: NO TRADEMARK INFRINGEMENT

17.

Big Bang incorporates by reference its allegations in Paragraphs 1 through 16 as though fully set forth herein.

18.

An actual and justiciable controversy exists because Mr. Sarieddine is claiming to have the right to Big Bang's profits and an injunction, and he has threatened Big Bang with litigation. Big Bang is reasonably apprehensive that if it continues to sell its ALIEN line of products, it will be sued by Mr. Sarieddine for trademark infringement.

19.

Big Bang does not infringe any trademarks owned or licensed by Mr. Sarieddine because Big Bang has used the ALIEN marks in commerce before Mr. Sarieddine used the mark ALIEN VAPE in commerce.

20.

A judgment declaring that Big Bang is not infringing on trademarks owned and/or licensed by the Mr. Sarieddine would finalize the controversy between the parties and offer them relief from uncertainty.

21.

Accordingly, Big Bang requests an order declaring that its current, future, and past sales of marks under the "ALIEN PISS" and "ALIEN KISS" trademarks do not infringe any rights Defendant may have.

22.

Big Bang is entitled to a declaration to that effect in this action.

23.

In light of the existing controversy, Big Bang will be damaged in the absence of such declaration.

## JURY DEMAND

24.

Pursuant to Fed.R.Civ.P. 38(b), Big Bang demands a trial by jury on all issues triable by right of jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Big Bang respectfully requests that the Court:

1. Declare that Big Bang has not infringed and is not infringing any trademark of Defendants

2. Award Big Bang the cost of this action and its reasonable attorney's fees under 15 U.S.C. § 1117 and other applicable law; and

3. Award Big Bang such other and further relief as the Court may deem necessary and proper.

Respectfully submitted this 25th day of January, 2017,

/s/ Amanda G. Hyland
Amanda G. Hyland
ahyland@taylorenglish.com
Georgia Bar No. 325115
W. Scott Creasman
screasman@taylorenglish.com

Georgia Bar No. 194860

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Phone: (770) 434-6868
Facsimile: (770) 434-7376

*Attorneys for Plaintiff Big Bang eCigs LLC*